UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LAMARLVIN A. WATTS, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) CV421-059 |
| UNITED STATES OF AMERICA, | ) ) ) ) |
| Respondent. | ) ) |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Lamarlvin Watts has filed the instant petition, pursuant to 28 U.S.C. § 2241, challenging a judgment of conviction entered by this Court. *See* doc. 1 at 8 (requesting that the Court "dismiss the 924(c) count mand[a]tory minimum of 7 years); *see also, e.g., United States v. Watts*, CR415-188, 146 (S.D. Ga. Aug. 22, 2018) (Court of Appeals' opinion affirming judgment of conviction). The Court will, therefore, proceed to screen the petition. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any

1

attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").[1]

"Writs of habeas corpus may be granted by the . . . district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004)("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991)("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated."). Watts' petition indicates that he is incarcerated at the United States Penitentiary, Thompson. *See* doc. 1 at 1, 11. Thompson, Illinois is located in the Northern District of Illinois. *See* 28 U.S.C. § 93(a)(2). Since the Court lacks jurisdiction over Watts' § 2241 petition, it should be **DISMISSED**. *See Fernandez*, 941 F.2d 1495; *see also, e.g., United States v. Michel*, 817 F. App'x 876, 879 (11th Cir. 2020) (concluding "[t]he district court . . . declined correctly to review

---

[1] The Rules Governing Section 2254 Cases also govern petitions pursuant to § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

[prisoner's] request for relief under 28 U.S.C. § 2241[,]" because the request was not filed in the district of confinement). The Court might transfer the case to that district, but, for the reasons explained below, dismissal is more appropriate. *See* 28 U.S.C. §§ 1404(a), 1406(a).

Section 2241 provides, in relevant part, that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Challenges to federal sentences must normally be brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a); *see also Harris v. United States*, 808 F. App'x 849, 851 (11th Cir. 2020) ("[T]o collaterally attack the validity of a federal sentence, a defendant must typically proceed under § 2255." (citation omitted)). Other applications for writs of habeas corpus "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The application of this "saving clause" is a jurisdictional issue, and petitioner bears the burden of demonstrating its application. *See McCarthan v. Director of Goodwill*

*Industries-Suncoast, Inc.*, 851 F.3d 1076, 1081, 1099 (11th Cir. 2017). The Eleventh Circuit has explained that to determine whether a § 2255 motion would have been inadequate, "we ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a *remedy*." *Id.* at 1086-87 (emphasis added). Moreover, "[a] prisoner cannot utilize the saving clause as a means to circumvent . . . the process for obtaining permission to file a second or successive § 2255 motion." *Strouse v. Warden, USP Coleman II*, 777 F. App'x 468, 468 (11th Cir. 2019) (quoting *McCarthan*, 851 F.3d at 1091) (internal quotation marks omitted).

There is no question that Watts' petition challenges the validity of his conviction under 18 U.S.C. § 924(c). *See* doc. 1 at 8; *see also* CR415-188, doc. 112 at 1 (judgment of conviction under 18 U.S.C. § 924(c)(1)(A)(ii)). Watts filed multiple § 2255 motions. *See* CR415-188, doc. 131 (S.D. Ga. June 13, 2017), doc. 149 (S.D. Ga. April 11, 2019). The latter motion was dismissed on the merits.[2] *See* CR415-188, doc.

---

[2] "Before a second or successive [§ 2255 motion] . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C.

158 (S.D. Ga. Aug. 14, 2020), *adopted* doc. 159 (S.D. Ga. Oct. 15, 2020). It appears that the only obstacle to a § 2255 challenge to the validity of Watts' conviction under § 924(c) is the procedural bar. His challenge, therefore, does not fall within the saving clause.

Since Watts' petition does not fall within the saving clause, it would be subject to dismissal in any district. *See Donaldson v. Warden, FCI Coleman Medium*, 691 F. App'x 602, 603 (11th Cir. 2017) (holding district court without jurisdiction to consider § 2241 petition where petitioner did not meet saving clause requirements); *Smith v. FCC Coleman-Medium Warden*, 701 F. App'x 929, 931 (11th Cir. 2017) (same); *McDowell v. Warden, FCC Coleman-Medium*, 694 F. App'x 692, 695 (11th Cir. 2017) (same). Since the petition is subject to dismissal, to transfer it to the district where Watts is confined would be futile. *See, e.g., United States v. Perez-Carrillo*, 2014 WL 12803050, at *1 (W.D. Ark. June 3, 2014) (declining to transfer a §2241 petition to "the custodial court," because

---

§ 2255(h) ("A second or successive motion must be certified as provided in § 2244 . . . ."). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (citing *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997)). "[S]econd or successive status only attaches to a judgment on the merits." *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014) (explaining that a dismissal without prejudice for being an unauthorized, successive motion is not judgment on the merits for the purpose of determining that a later petition is successive).

"[w]hile there is statutory authority permitting the transfer of a § 2241 petition to the appropriate district, *see* 28 U.S.C. § 2241(b), such a transfer would be futile in this case."); *see also Bell v. United States*, 2008 WL 205338, at *1-2 (S.D. Ga. Jan. 23, 2008) (recommending dismissal of § 2241 petition, filed outside the district of confinement, instead of transfer because "the interests of justice will not be served by transferring this case to petitioner's district of confinement.").

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue.  28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal).  And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 28th day of April, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA